IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2150-BO

| | |
|---|---|
| CARMELO P. MARTINEZ,<br>    Petitioner,<br><br>  v.<br><br>NORA HUNT,<br>    Respondent. | )<br>)<br>)<br>)  O R D E R<br>)<br>)<br>) |

Carmelo P. Martinez ("petitioner") petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Nora Hunt ("respondent") moved to dismiss the matter based on untimeliness and the filing of the petition outside the statute of limitations period [D.E. 6]. 28 U.S.C. § 2244(d)(1). Petitioner responded [D.E. 9] to the pending motion, and the motion is ripe for determination.

I. Background

Petitioner is a prisoner of the State of North Carolina. On July 15, 2002, in the Superior Court of Wake County, petitioner pled guilty to conspiracy to traffic in cocaine, trafficking in cocain, and maintaining a dwelling to keep a controlled substance [D.E. 7, Ex 1]. Petitioner's convictions were consolidated, and he was sentenced to a term of 175-219 months' imprisonment. Id. Petitioner was represented during the criminal proceedings by Andrew McCoppin. Id.

Petitioner asserts that on March 12, 2009, he filed a pro se motion for appropriate relief (MAR) in Superior Court, Wake County, and the Superior Court denied the MAR on May 1, 2009. Pet. at 3-4.

On September 15, 2009, petitioner filed a pro se "Notice of Belated Appeal" in Superior Court, Wake County [D.E. 7, Ex. 2]. On December 29, 2009, the Superior Court denied the "Notice." Id. at Ex. 3. On February 26, 2010, petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the Superior Court's denial of his "Notice of Belated Appeal." Id. at Ex. 4. On March 12, 2010, the North Carolina Court of Appeals denied Petitioner's certiorari petition. Id. at Ex. 5. Petitioner dated the § 2254 petition now before this court on June 5, 2012.

II.  Issues

Petitioner alleges the following: (1) his plea was accepted in violation of N.C.G.S. § 15A-1022(c) and FRCP 11, and in violation of United States Supreme Court decisions providing that a factual basis for a plea must appear on the record; (2) he received ineffective assistance of counsel; and (3) he was entitled to an appeal, despite receiving a mandatory-minimum sentence and despite state statutory law providing that he was not entitled to such appeal. Pet. at 5, 7, and 8.

III. Discussion

Respondent argues that the petition should be dismissed as having been untimely presented to this court. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B) the date on which the impediment to filing an application .. is removed . . . ;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from the initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

The statutory period began to run in this case on the date petitioner's judgment became final. The court shall assume without considering whether petitioner had the right to appeal, that petitioner had fourteen days after entry of the judgment to file a notice of appeal. See N.C. R.

3

App. P. 4. Because petitioner did not file a notice of appeal he is not entitled to the additional ninety (90) days to file a petition for a writ of certiorari in the United States Supreme Court. See Gonzalez v. Thaler, __ S.Ct. __, 2012 WL 43513. *10 (2012) (In Gonzalez, the Supreme Court clarified that, under § 2244(d)(1) (A), that ". . the judgment becomes final at the 'expiration of the time for seeking such review' — when the time for pursuing direct review in th[e Supreme] Court, or in state court, expires."). Thus, petitioner's conviction became final on or before July 25, 2002, when his case became final for purposes of direct appellate review. Petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) then began to run, ran 365 days, and expired. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief is not tolled from one-year period of limitation). Because nothing was in place on July 25, 2003, (and in fact not until March 12, 2009, he filed a pro se motion for appropriate relief ) to toll the expiration of the limitations period, the petition is out of time. By the time the March 12, 2009, MAR was filed, the statute had run and expired. Minter, 230 F.3d at 665. Petitioner's habeas petition was filed out of time.

IV. Certificate of Appealability

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been

4

decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

V.  Conclusion

Accordingly, respondent's motion for dismissal of the habeas corpus petition as untimely is GRANTED and the matter is DISMISSED [D.E. 6]. The certificate of appealability is DENIED. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this __9__ day of May 2013.

*(signature)*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE